IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 06 - 3182 |
| | ) |
| Estate of Malinda E. Bearden, | ) |
| Malinda C. Gaddis, Travis E. Bearden, | ) |
| Timothy L. Bearden, Michael A. Bearden, | ) |
| Larry Harvell, Trustee for Associates | ) |
| Finance, Inc. Unknown owners, | ) |
| et.al., | ) |
| Defendants. | ) |

**MOTION FOR TURNOVER ORDER OF SURPLUS FUNDS
TO CITI FINANCE MORTGAGE INC. FROM JUDICIAL SALE**

Citi Finance Mortgage formerly known as Associates Finance Inc., by its attorney, Richard A. Snow, moves for a turn over order pursuant to 735ILCS 5/15-1512, claiming the surplus proceeds in the sum of $2,739.68 and in support thereof states as follows:

1. The interest of CitiFinance Mortgage f/k/a Associates Finance, Inc. herein arises by reason of a Trust Deed in the nature of a mortgage executed by Melinda Bearden and given to CitFinance Mortage formerly known as Associates Finance, Inc. as security of the loan in the principal sum of $10,730,79 plus interest at 15.79% per annum payable in monthly installments of $183.70 beginning on May 14, 2000; (see attached).

2. On April 10, 2000, the Trust Deed in the nature of a Mortgage of Citi Finance Mortgage formerly known as Associates Finance Inc. was recorded in the office of the Recorder of Deeds of Sangamon County, as document number 2000R14131, a copy of which Trust Deed is attached hereto and thereby made a part hereof;

3. The aforesaid Trust Deed in the nature of a mortgage created a lien in favor of Citi Finance Mortgage formerly known as Associates Finance, Inc. upon the real property located at 402 N. Heather Lane, Auburn, Illinois 61615;

4. A judgment of foreclosure was entered in the above-captioned proceeding and pursuant to the judgment of foreclosure the said property was sold at a judicial sale;

5. As a result of the judicial sale, there was a surplus in the sum of $2,739.68 to be distributed at a later date;

6. On Sept. 18, 2007, the United States District Court of the Central District of Illinois approved the said Judicial Sale and provided that the surplus of the proceeds of sale are to be distributed;

7. That on the date of the Judgment and Foreclosure, the balance due and owing by the Defendant, to Citi Finance Mortgage formerly known as Associates Finance, Inc. was $6,928.93;

8. The Illinois law applicable in determining the effect of recorded instruments is governed by the Illinois Conveyances Act, 765 ILCS 5/0.01 et.seq. Section 5/30 of the Conveyances Act provides that:

> All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record.

9. A foreclosure action is one in equity and where there is no dispute as to the priority of the lien of CitiFinance Mortgage formerly known as Associates Finance Inc. equity dictates that CitiFinance Mortgage formerly known as Associates Finance Inc. is entitled to an order of distribution of the surplus.

Wherefore, Citi Finance Mortgage formerly known as Associates Finance, Inc. requests that the Court enter an order that the surplus funds in the amount of $2,199.54 be turned over to CitiFinance Mortgage formerly known as Associates Finance, Inc..

_____
Attorney for Movant

State of Illinois )
                 )
County of Cook)

    Richard A. Snow, being duly sworn on oath deposes and says that he is the attorney and agent for the Movant in the above-entitled cause; and as such is duly authorized to execute this verification; that he has read the foregoing motion and has knowledge of the facts therein stated; and the matters set forth therein are true in substance and in fact.

_____
Richard A. Snow

SUBSCRIBED and SWORN
to before me this 1st day
of November, 2007

_____
Notary Public

"OFFICIAL SEAL"
CHRISSE PETROV
Notary Public, State of Illinois
My Commission Expires 3/12/08

Richard A. Snow
Attorney for Petitioner
123 W. Madison, Suite 310
Chicago, IL 60602
(312) 782-7861
Atty. No. 02662663

LENDER:
ASSOCIATES HOME EQUITY SERVICES, INC

| BRANCH CODE STREET ADDRESS CITY AND STATE | | | | | | |
|---|---|---|---|---|---|---|
| 3822 2929 WEST ILES | | SPRINGFIELD | IL | | | |
| ACCOUNT NUMBER | DUE | LOAN DATE | FINAL PAYMENT DATE | BROKER FEE PAID BY BORROWER (1) | | |
| 0302258 | 14 | 04/10/00 | 04/14/10 | $.00 | | FINANCE CHARGE |
| BORROWER | | FEES | CLOSING FEE (A) | LOAN FEE (1) | INTEREST (H) | (1)+(B)+(J)+(H)=(K) |
| BEARDEN, MALINDA E | | 578.50 | 0.00 | 321.92 | 10991.29 | 11313.21 |
| 402 N HEATHER LN | | | | | | AMOUNT FINANCED (f) |
| AUBURN | | | | | | 10730.79 |
| IL  62615-9305 | | | | PRINCIPAL BALANCE (1)+(D)+(E)=(F) | | TOTAL OF PAYMENTS (E)+(K) |
| | | | | 11052.71 | | 22044.00 |
| CO-BORROWER (SPOUSE) | | CO-BORROWER (NON-SPOUSE) | | | | FIRST PAYMENT DATE |
| | | | | | | 05/14/00 |

"I", "me" and "my" refer to the Borrower(s) and Co-Borrower(s) named above. "You" and "your" refer to the lender named above.

**REPAYMENT**  I promise to pay you at your office, the principal balance together with interest figured at the Agreed Rate of Interest checked below until fully paid.

I will pay principal and interest by making payments each month. I will make my payments as set forth in the Payment Schedule. Payments will be made every month beginning on the first payment date stated above until the loan is fully paid. If there is no such date in any month that follows, payment will be made on the last day of that month.

My monthly payments will be applied to interest before principal. If I still owe amounts under this Note on the maturity date, I will pay these amounts in full on that date.

**PAYMENT SCHEDULE**  Monthly Payment(s) in the amount(s) shown below will be due as shown below. (For Variable Rate Loans, this Schedule may change.)

$ __183.70__ beginning on __05/14/00__ ; followed by $ __$.00__ beginning on __00/00/00__ ; followed by
$ __$.00__ beginning on __00/00/00__ ; followed by $ __$.00__ beginning on __00/00/00__ ; followed by
$ __$.00__ on __00/00/00__ .

**AGREED RATE OF INTEREST**  Whichever boxes are checked, the corresponding provision applies.

**FIXED RATE:**  [X] The Agreed Rate of Interest on my loan is __15.79__ % per annum.

**DISCOUNTED FIXED RATE:**  [ ] The Agreed Rate of Interest on my loan is __na__ % per annum. However, for the first __na__ payment periods of my loan term, the Agreed Rate of Interest will be __na__ %.

**VARIABLE RATE**  [ ] THIS IS A VARIABLE INTEREST RATE LOAN AND THE AGREED RATE OF INTEREST WILL INCREASE OR DECREASE WITH CHANGES IN THE INDEX. The Index is the "Bank Prime Loan Rate" published in the Federal Reserve Board's Statistical Release H.15. The Agreed Rate of Interest is determined by the sum of the Index plus a margin.

**CURRENT RATE:**  The Index as of the last business day of __na__ is __na__ %, my margin is __na__ %, therefore my current Agreed Rate of Interest is __na__ % per year.

My Agreed Rate of Interest is subject to change when the value of the Index changes as set forth below. The rate cannot increase or decrease more than 2% in any year. In no event, however, will the rate ever be less than __na__ % per year nor more than __na__ % per year.

**MONTHLY RATE CHANGE/ ANNUAL PAYMENT CHANGE**  [ ] The Agreed Rate of Interest is subject to change the 15th day of every month if the Bank Prime Loan Rate, as of the last business day of the preceding month, has increased or decreased by at least 1/4 of a percentage point from the rate for the previous month. Adjustments in the Agreed Rate of Interest will be given effect by changing the dollar amounts of the remaining monthly payments in the month following the anniversary date of the loan and every 12 months thereafter so that the total amount due under this Loan Agreement will be paid by the final payment date, excluding any balloon payment, if applicable. Associates waives the right to any interest rate increase after the last anniversary date prior to the last payment due date of the loan. The rate will not change before the First Payment Due Date.

**SEMI-ANNUAL RATE CHANGE/ SEMI-ANNUAL PAYMENT CHANGE**  [ ] The Agreed Rate of Interest is subject to change on the sixth payment due date and every sixth month thereafter if the Bank Prime Loan Rate, as of the last business day of the month preceding the previous month has increased or decreased by at least 1/4 of a percentage point from the rate for the previous six month period. Adjustments in the Agreed Rate of Interest will be given effect by changing the dollar amounts of the remaining monthly payments on the sixth payment due date and every six months thereafter so that the total amount due under this Loan Agreement will be paid by the final payment date, excluding any balloon payment, if applicable.

**DISCOUNTED RATE (APPLIES ONLY TO LOANS SUBJECT TO SEMI-ANNUAL CHANGES)**  [ ] However, until my sixth payment due date, my Agreed Rate of Interest is discounted and will be __na__ % per year.

Beginning with the sixth payment due date, the Agreed Rate of Interest will be determined by adding the margin to the Index as of the last business day of the month preceding the previous month and my payment will change. Thereafter, the Agreed Rate of Interest and payment will increase or decrease on the twelfth payment due date and every six months thereafter as stated in the paragraph immediately above.

Page 1 of 2



NOTE

608189                                                                                                                  04704A.01

| | |
|---|---|
| MATURITY | |
| INTEREST | |
| DEFAULT | I will be in default if I fail to pay any payment or part of a payment on time or if I sell or transfer all or part of the real estate subject to the Trust Deed which is security for this loan without your prior written consent or if I fail to comply with any of the other terms of the Trust Deed. |
| | If I default, you have the right to declare the unpaid amount of my loan immediately due and payable without giving me notice or asking me to pay. If you declare the balance of my loan due and payable, you have the rights and remedies provided for in the Trust Deed that secures this loan including the right to require me to pay any deficiency. |
| LATE CHARGE | If any part of a payment is more than 10 days past due, I agree to pay a late charge of 5% of the payment or $10.00, whichever is greater. However, if my loan agreement provides for a Discounted Fixed Rate or a Variable Rate, this late charge will not be assessed unless my payment is more than 15 days late. |
| BAD CHECK CHARGE | If this loan is in an amount greater than $25,000, I agree to pay you $25.00 if any check given to you in connection with this loan is not honored because of insufficient funds or because no account exists. |
| PREPAYMENT | I have the right to make prepayments of principal at any time. When I make a prepayment, I will tell you on my payment coupon. All prepayments will be applied to applicable charges with the remainder to principal. If I make a principal prepayment there will be no changes in the due dates or changes to the amount of my monthly payment unless you agree in writing to those delays or changes. If I prepay in full, no part of the prepaid finance charge will be refunded. |
| DELAY IN ENFORCEMENT | You can delay enforcing your rights under this loan agreement without losing them. If I default in complying with any of the terms of my loan and you do not declare the loan balance immediately due and payable, this does not mean you cannot do so in the future if I default again. |
| SECURITY FOR THIS LOAN | I give you a Trust Deed dated the same as this loan agreement to assure that I keep the promises I have made in this agreement. I agree to pay the actual costs you incur in recording a release or satisfaction of this security instrument when my loan is paid in full. |
| ARBITRATION | The parties have on this date entered into a separate Arbitration Agreement, the terms of which are incorporated herein and made a part hereof by reference. |

The following Notice is applicable if the proceeds of this loan are applied in whole or in substantial part for the purchase of goods or services from a seller who 1) refers consumers to the creditor, or 2) is affiliated with the creditor by common control, contract, or business arrangement.

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The Alternative Mortgage Transaction Parity Act of 1982 governs certain provisions of this loan.

I acknowledge receipt of a completely filled-in copy of this loan agreement.

_____ (WITNESS)

_____ (WITNESS)

_____ (BORROWER)

_____ (BORROWER)

```
                                                        2000R14131
                                                        04-17-2000  11:37 AM
                                                        SANGAMON COUNTY
                                                             ILLINOIS
                                                        16.00
                                                        5         CHRISTIE
                                                        MARY ANN LAMM
                                                        SANGAMON COUNTY RECORDER
```

## TRUST DEED

THE ABOVE SPACE FOR RECORDERS USE ONLY

THIS INDENTURE, made __04/10/00__, between __Malinda E. Bearden__ herein referred to as "Grantors", and __Larry Harvell__ of __Springfield__, Illinois, herein referred to as "Trustee", witnesseth:

THAT, WHEREAS the Grantors have promised to pay to __Associates Finance, Inc.__, herein referred to as "Beneficiary", the legal holder of the Loan Agreement hereinafter described, the principal amount of $ __11052.71__, together with interest thereon at the rate of (check applicable box):

**PAYMENT SCHEDULE**  Monthly Payment(s) in the amount(s) shown below will be due as shown below. (For Variable Rate Loans, this Schedule may change.)

$ __183.70__ beginning on __05/14/00__ followed by $ __$.00__ beginning on __00/00/00__; followed by $ __$.00__ beginning on __00/00/00__; followed by $ __$.00__ beginning on __00/00/00__; followed by $ __$.00__ on __00/00/00__.

**AGREED RATE OF INTEREST**  Whichever boxes are checked, the corresponding provision applies.

**FIXED RATE:**  [X] The Agreed Rate of Interest on my loan is __na__ % per annum.

**DISCOUNTED FIXED RATE:**  [ ] The Agreed Rate of Interest on my loan is __na__ % per annum. However, for the first __na__ payment periods of my loan term, the Agreed Rate of Interest will be __na__ %.

**VARIABLE RATE**  [ ] THIS IS A VARIABLE INTEREST RATE LOAN AND THE AGREED RATE OF INTEREST WILL INCREASE OR DECREASE WITH CHANGES IN THE INDEX. The Index is the "Bank Prime Loan Rate" published in the Federal Reserve Board's Statistical Release H.15. The Agreed Rate of Interest is determined by the sum of the Index plus a margin.

**CURRENT RATE:**  The Index as of the last business day of __na__ is __na__ %, my margin is __na__ %, therefore my current Agreed Rate of Interest is __na__ % per year.

My Agreed Rate of Interest is subject to change when the value of the Index changes as set forth below. The rate cannot increase or decrease more than 2% in any year. In no event, however, will the rate ever be less than __na__ % per year nor more than __na__ % per year.

**MONTHLY RATE CHANGE/ ANNUAL PAYMENT CHANGE**  [ ] The Agreed Rate of Interest is subject to change the 15th day of every month if the Bank Prime Loan Rate, as of the last business day of the preceding month, has increased or decreased by at least 1/4 of a percentage point from the rate for the previous month. Adjustments in the Agreed Rate of Interest will be given effect by changing the dollar amounts of the remaining monthly payments in the month following the anniversary date of the loan and every 12 months thereafter so that the total amount due under this Loan Agreement will be paid by the final payment date, excluding any balloon payment, if applicable. Lender waives the right to any interest rate increase after the last anniversary date prior to the last payment due date of the loan. The rate will not change before the First Payment Due Date.

607664 REV. 6-99 (I.B.)



00680A.07

000205

| | |
|---|---|
| **SEMI-ANNUAL PAYMENT CHANGE** | ...of the Bank Prime Loan Rate, as of the last business day of the month preceding the previous month has increased or decreased by at least 1/4 of a percentage point from the rate for the previous six month period. Adjustments in the Agreed Rate of Interest will be given effect by changing the dollar amounts of the remaining monthly payments on the sixth payment due date and every sixth months thereafter so that the total amount due under this Loan Agreement will be paid by the final payment date, excluding any balloon payment, if applicable. |
| **DISCOUNTED RATE (APPLIES ONLY TO LOANS SUBJECT TO SEMI-ANNUAL CHANGES)** | ☐ However, until my sixth payment due date, my Agreed Rate of Interest is discounted and will be ___na___ % per year. <br><br>Beginning with the sixth payment due date, the Agreed Rate of Interest will be determined by adding the margin to the Index as of the last business day of the month preceding the previous month and my payment will change. Thereafter, the Agreed Rate of Interest and payment will increase or decrease on the twelfth payment due date and every six months thereafter as stated in the paragraph immediately above. |

NOW, THEREFORE, the Grantors to secure the payment of the said obligation in accordance with the terms, provisions and limitations of this Trust Deed, and the performance of the covenants and agreements herein contained, by the Grantors to be performed, and also in consideration of the sum of One Dollar in hand paid, the receipt whereof is hereby acknowledged, do by these presents CONVEY and WARRANT unto the Trustee, its successors and assigns, the following described Real Estate and all their estate, title and interest therein, situate, lying and being in the
COUNTY OF ___Sangamon___ AND STATE OF ILLINOIS, to wit:

BOOK 71732 PAGE

LOT THREE HUNDRED SIXTY-EIGHT (368) PLAT THIRTY-NINE (39) MEADOW BROOK SUBDIVISION CITY OF AUBURN, COUNTY OF SANGAMON AND STATE OF ILLINOIS. EXCEPTING THE COAL AND MINERAL RIGHTS UNDERLYING THE SURFACE OF SAID LAND AND ALL RIGHTS AND EASEMENTS IN FAVOR ? THE ESTATE OF SAID COAL AND MINERALS. }

which, with the property hereinafter described, is referred to herein as the "premises."

TOGETHER with improvements and fixtures now attached together with easements, rights, privileges, interests, rents and profits.

TO HAVE AND TO HOLD the premises unto the said Trustee, its successors and assigns, forever, for the purposes, and upon the uses and trusts herein set forth, free from all rights and benefits under and by virtue of the Homestead Exemption Laws of the State of Illinois, which said rights and benefits the Grantors do hereby expressly release and waive.

1. Grantors shall (1) promptly repair, restore or rebuild any buildings or improvements now or hereafter on the premises which may become damaged or be destroyed; (2) keep said premises in good condition and repair, without waste, and free from mechanic's or other liens or claims for lien not expressly subordinated to the lien hereof; (3) pay when due any indebtedness which may be secured by a lien or charge on the premises superior to the lien hereof, and upon request exhibit satisfactory evidence of the discharge of such prior lien to Trustee or to Beneficiary; (4) complete within a reasonable time any building or buildings now or at anytime in process of erection upon said premises; (5) comply with all requirements of law or municipal ordinances with respect to the premises and the use thereof; (6) make no material alterations in said premises except as required by law or municipal ordinance.

2. Grantors shall pay before any penalty attaches all general taxes, and shall pay special taxes, special assessments, water charges, sewer service charges, and other charges against the premises when due, and shall, upon written request, furnish to Trustee or to Beneficiary duplicate receipts therefor. To prevent default hereunder Grantors shall pay in full under protest, in the manner provided by statute, any tax or assessment which Grantor may desire to contest.

3. Grantors shall keep all buildings and improvements now or hereafter situated on said premises insured against loss or damage by fire, and other hazards and perils included within the scope of a standard extended coverage endorsement, and such other hazards as Beneficiary may require, under policies providing for payment by the insurance companies of moneys sufficient either to pay the cost of replacing or repairing the same or to pay in full the indebtedness secured hereby, all in companies satisfactory to the Beneficiary, under insurance policies payable, in case of loss or damage, to Trustee for the benefit of the Beneficiary, such rights to be evidenced by the standard mortgage clause to be attached to each policy, and shall deliver all policies, including additional and renewal policies, to Beneficiary, and in case of insurance about to expire, shall deliver renewal policies not less than ten days prior to the respective dates of expiration.

664                                                                                                                                  00680B.05

hereinbefore required of Grantors in any form and manner deemed expedient, and may, but need not, make full or partial payments of principal or interest on prior encumbrances, if any, procure insurance, and purchase, discharge, compromise or settle any tax lien or other prior lien or title or claim thereof, or redeem from any tax sale or forfeiture affecting said premises or contest any tax or promise or settle any tax lien or other prior lien or title or claim thereof, or redeem from any tax sale or forfeiture affecting said premises or contest any tax or assessment. All moneys paid for any of the purposes herein authorized and all expenses paid or incurred in connection therewith, including attorney's fees, and any other moneys advanced by Trustee or Beneficiary to protect the mortgaged premises and the lien hereof, shall be so much additional indebtedness secured hereby and shall become immediately due and payable without notice and with interest thereon at the annual percentage rate stated in the Loan Agreement this Trust Deed secures. Inaction of Trustee or Beneficiary shall never be considered as a waiver of any right accruing to them on account of any default hereunder on the part of Grantors. Nothing contained in this paragraph shall require Trustee or Beneficiary to incur any expense or take any action whatsoever.

5. The Trustee or Beneficiary hereby secured making any payment hereby authorized relating to taxes or assessments, may do so according to any bill, statement or estimate procured from the appropriate public office without inquiring into the accuracy of such bill, statement or estimate or into the validity of any tax, assessment, sale, forfeiture, tax lien or title or claim thereof.

6. Grantors shall pay each item of indebtedness herein mentioned, both principal and interest, when due according to the terms hereof. At the option of Beneficiary, and without notice to Grantors, all unpaid indebtedness secured by this Trust Deed shall, notwithstanding anything in the Loan Agreement or in this Trust Deed to the contrary, become due and payable (a) immediately in the case of default in making payment of any installment on the Loan Agreement, or (b) when default shall occur and continue for three days in the performance of any other agreement of the Grantors herein contained, or (c) immediately if all or part of the premises are sold or transferred by the Grantors without Beneficiary's prior written consent.

7. When the indebtedness hereby secured shall become due whether by acceleration or otherwise, Beneficiary or Trustee shall have the right to foreclose the lien hereof. In any suit to foreclose the lien hereof, there shall be allowed and included as additional indebtedness in the decree for sale all expenditures and expenses which may be paid or incurred by or on behalf of Trustee or Beneficiary for attorney's fees, Trustee's fees, appraisers' fees, outlay for documentary and expert evidence, stenographers' charges, publication costs and costs (which may be estimated as to items to be expended after entry of the decree) of procuring all such abstracts of title, title searches and examinations, guarantee policies, Torrens certificates, and similar data and assurances with respect to title as Trustee or Beneficiary may deem to be reasonably necessary either to prosecute such suit or to evidence to bidders at any sale which may be had pursuant to such decree the true condition of the title or the value of the premises. All expenditures and expenses of the nature in this paragraph mentioned shall become so much additional indebtedness secured hereby and immediately due and payable, with interest thereon at the annual percentage rate stated in the Loan Agreement this Trust Deed secures, when paid or incurred by Trustee or Beneficiary in connection with (a) any proceeding, including probate and bankruptcy proceedings, to which either of them shall be a party, either as plaintiff, claimant or defendant, by reason of this Trust Deed or any indebtedness hereby secured; or (b) preparations for the commencement of any suit for the foreclosure hereof after accrual of such right to foreclose whether or not actually commenced; or (c) preparations for the defense of any threatened suit or proceeding which might affect the premises or the security hereof, whether or not actually commenced.

8. The proceeds of any foreclosure sale of the premises shall be distributed and applied in the following order of priority: First, on account of all costs and expenses incident to the foreclosure proceedings, including all such items as are mentioned in the preceding paragraph hereof; second, all other items which under the terms hereof constitute secured indebtedness additional to that evidenced by the Loan Agreement, with interest thereon as herein provided; third, all principal and interest remaining unpaid on the note; fourth, any overplus to Grantors, their heirs, legal representatives or assigns, as their rights may appear.

9. Upon, or at any time after the filing of a bill to foreclose this Trust Deed, the court in which such bill is filed may appoint a receiver of said premises. Such appointment may be made either before or after sale, without notice, without regard to the solvency or insolvency of Grantors at the time of application for such receiver and without regard to the then value of the premises or whether the same shall be then occupied as a homestead or not and the Trustee hereunder may be appointed as such receiver. Such receiver shall have the power to collect the rents, issues and profits of said premises during the pendency of such foreclosure suit and, in case of a sale and a deficiency, during the full statutory period of redemption, whether there be redemption or not, as well as during any further times when Grantors, except for the intervention of such receiver, would be entitled to collect such rents, issues and profits, and all other powers which may be necessary or are usual in such cases for the protection, possession, control, management and operation of the premises during the whole of said period. The Court from time to time may authorize the receiver to apply the net income in his hands in payment in whole or in part of: (1) The indebtedness secured hereby, or by any decree foreclosing this Trust Deed, or any tax, special assessment or other lien which may be or become superior to the lien hereof or of such decree, provided such application is made prior to foreclosure sale; (2) the deficiency in case of a sale and deficiency.

Nov-01-2007  04:15pm   From-CitiFinancialMortgage                                T-476   P.004/005   F-862

not be good and available to the party interposing same in any action at law upon the note hereby secured.

11. Trustee or Beneficiary shall have the right to inspect the premises at all reasonable times and access thereto shall be permitted for that purpose.

12. Trustee has no duty to examine the title, location, existence, or condition of the premises, nor shall Trustee be obligated to record this Trust Deed or to exercise any power herein given unless expressly obligated by the terms hereof, nor be liable for any acts or omissions hereunder, except in case of gross negligence or misconduct and Trustee may require indemnities satisfactory to Trustee before exercising any power herein given.

13. Upon presentation of satisfactory evidence that all indebtedness secured by this Trust Deed has been fully paid, either before or after maturity, the Trustee shall have full authority to release this Trust Deed, the lien thereof, by proper instrument.

14. In case of the resignation, inability or refusal to act of Trustee, the Beneficiary shall have the authority to appoint a Successor in Trust. Any Successor in Trust hereunder shall have the identical title, powers and authority as are herein given Trustee.

15. This Trust Deed and all provisions hereof, shall extend to and be binding upon Grantors and all persons claiming under or through Grantors, and the word "Grantors" when used herein shall include all such persons and all persons liable for the payment of the indebtedness or any part thereof, whether or not such persons shall have executed the Loan Agreement or this Trust Deed. The term Beneficiary as used herein shall mean and include any successors or assigns of Beneficiary.

WITNESS the hand(s) and seal(s) of Grantors the day and year first above written.

_____(SEAL)        _____(SEAL)
Malinda E. Bearden

_____(SEAL)        _____(SEAL)

STATE OF ILLINOIS,       } ss.
County of Sangamon       }

I, __the undersigned__, a Notary Public in and for and residing in said County, in the State aforesaid, DO HEREBY CERTIFY THAT __Malinda E. Bearden__

who __is__ personally known to me to be the same person __ __ whose name __is__ subscribed to the foregoing Instrument, appeared before me this day in person and acknowledged that __she__ signed and delivered the said Instrument as __a__ free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my and and Notarial Seal this __10th__ day of __April__, A.D. __2000__.

_____
Notary Public

This instrument was prepared by

Sally A. Shoaf                 2929 W. [illegible], Il. 62704
     (Name)

OFFICIAL SEAL
SALLY A. SHOAF
NOTARY PUBLIC, STATE OF ILLINOIS
[MY COMMISSION EXPIRES ...]

607664                                                                           006800.04

Nov-01-2007  04:15pm  From-CitiFinancialMortgage                                                  T-476   P.005/005   F-862

**DELIVERY**

NAME

STREET     Associates Finance, Inc.
               2029 WEST ILES
               SPRINGFIELD, ILLINOIS 62704

CITY      Attn: Sally

INSTRUCTIONS

OR
RECORDER'S OFFICE BOX NUMBER _____

FOR RECORDERS INDEX PURPOSES
INSERT STREET ADDRESS OF ABOVE
DESCRIBED PROPERTY HERE

607664 REV. 6-99 (I.B.)                                                                                              00680E.02

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>vs.<br><br>Estate of Malinda E. Bearden,<br>Malinda C. Gaddis, Travis E. Bearden,<br>Timothy L. Bearden, Michael A. Bearden,<br>Larry Harvell, Trustee for Associates<br>Finance, Inc. Unknown owners,<br>et.al.,<br>　　　　Defendants. | )<br>)<br>)　No.　06 - 3182<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF FILING**

TO:　Michael A. Bearden, 9577 Booth Road, Pleasant Plains, Il 62667
　　　Timothy L. Bearden, 718 W. Stottler Place, Gilbert, AZ 85233
　　　Malinda C. Gaddis, 215 E. Holden Street, Virden, IL 62690
　　　Mark A. Bearden, 421 S. Lincoln Street, Divernon, IL 62530
　　　Travis Bearden, 215 Holden Street, Virden, IL 62690
　　　James A. Lewis, Assistant States Attorney, Central District of Illinois
　　　318 S. Sixth Street, Springfield, IL 62701

　　PLEASE TAKE NOTICE that on the 1st day of November, 2007, I sent to be filed with the United States District Court of the Central District of Illinois, the Motion for Turnover Order for Surplus Funds to CitiFinance Mortgage f/k/a Associates Finance, Inc., a copy of which Motion is attached hereto and herewith served upon you.

　　　　　　　　　　　　　　　　　　　　　_/s/ Richard A. Snow_
　　　　　　　　　　　　　　　　　　　　　Richard A. Snow
　　　　　　　　　　　　　　　　　　　　　Attorney for Movant
　　　　　　　　　　　　　　　　　　　　　123 W. Madison Street, #310
STATE OF ILLINOIS　　　）　　　　　　　Chicago, IL 60602
　　　　　　　　　　　　　） ss
COUNTY OF COOK　　　）

　　I, Chrisse Petrov, a non-attorney, certify and state that I served the foregoing Notice of Filing and the Motion by placing a true copy thereof in a properly stamped, sealed and addressed envelope and depositing the same in a United States Mail Box located at 123 W. Madison Street, Chicago, Illinois 60602 on this 1st day of November, 2007, at approximately 5:00 p.m.

　　　　　　　　　　　　　　　　　　　　　_/s/ Chrisse Petrov_
　　　　　　　　　　　　　　　　　　　　　Chrisse Petrov

　　Under penalties, as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

　　　　　　　　　　　　　　　　　　　　　_/s/ Chrisse Petrov_
　　　　　　　　　　　　　　　　　　　　　Chrisse Petrov