IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3182 |
| ) | |
| ESTATE OF MALINDA E. ) | |
| BEARDEN, MALINDA C. GADDIS, ) | |
| TRAVIS E. BEARDEN, MARK A. ) | |
| BEARDEN, TIMOTHY L. BEARDEN, ) | |
| MICHAEL A. BEARDEN, LARRY ) | |
| HARVELL, TRUSTEE FOR ) | |
| ASSOCIATES FINANCE, INC., ) | |
| UNKNOWN OWNERS, ) | |
| INCLUDING UNKNOWN HEIRS ) | |
| AND LEGATEES OF MALINDA E. ) | |
| BEARDEN, DECEASED, AND ) | |
| NON-RECORD CLAIMANTS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court for Report and Recommendation regarding claimants' rights to the surplus of foreclosure sale proceeds in light of Citi Finance Mortgage's Motion for Turnover Order of Surplus Funds (d/e 37) and competing claims filed by the debtor's children (d/e 35, 36). Pursuant to Local Rule 72.1 and 28 U.S.C. § 636(b)(1)(B), the District Judge has referred the matter to this Judge for hearing and Report and

Recommendation.  See Text Order, December 21, 2007.   For the reasons set forth below, the Court recommends that the surplus funds be turned over to Citi Financial.

This Court held a hearing on claimants' rights on January 31, 2008. AUSA James Lewis appeared on behalf of the Government.  Citi Finance was present by attorney Craig Patton.  The Court sent written notice of the hearing to the debtor's five children, at their addresses of record.  Remark, dated December 28, 2007.  None of the notices were returned as undeliverable; however, none of the children appeared at the hearing.  The Court stated that despite their failure to appear, the Court would consider the children's written claims in issuing its recommendation.

The property at issue in the instant case was subject to a mortgage from Plaintiff United States of America.  A Complaint (d/e 1) for foreclosure was filed on August 22, 2006 against the debtor's estate; the debtor's five children; inferior lien holder Associates Finance, Inc., now known as Citi Finance Mortgage; all unknown owners, including unknown heirs and legatees; and non-record claimants.  On May 15, 2007, Judge Jeanne Scott entered a Judgment of Foreclosure (d/e 28), noting that all defendants had been served, and yet, they failed to appear in the

proceedings. The property was subsequently sold by the United State's Marshal for $55,500.00. From that amount, the Judgment of Foreclosure in favor of the United States has been satisfied and costs have been paid. A surplus of $2,739.68 remains. The debtor's five children, Michael Bearden, Timothy Bearden, Mark Bearden, Malinda C. Bearden, and Travis Bearden, assert that the surplus should be distributed to them. Citi Finance asks the Court to turn the surplus over to it based on its interest in the property arising out of a trust deed executed by Malinda E. Bearden in April 2000. The Court notes that all of these claimants were named as defendants in the foreclosure and were defaulted. The Court further notes that the Judgment of Foreclosure expressly provides as follows: "All lien or mortgage claimants defaulted are found and declared to have no interest in the real estate foreclosed, as they have offered no evidence of said interest." Judgment of Foreclosure, p. 7.

The Court turns first to the issue of jurisdiction. Neither the Judgment of Foreclosure nor the Decree Confirming Sale (d/e 34) adjudicated all of the claims of all of the parties such that either order would constitute a final judgment in this case. The Judgment of Foreclosure provides for the "[r]emittance of any surplus to the mortgagor or as otherwise directed by

the court." <u>Judgment of Foreclosure</u>, p. 15.  The Decree Confirming Sale expressly states that the surplus of $2,739.68 was "to be distributed at a later date." <u>Decree Confirming Sale</u>, p. 3.  Thus, a final judgment adjudicating all of the claims and all of the parties' rights and liabilities has not been entered, and the Court's interlocutory orders may be revised. <u>See</u> Fed. R. Civ. P. 54(b).

It is undisputed that Citi Finance is the holder of a properly perfected second mortgage on the subject property.  Both the Complaint and the Judgment of Foreclosure recognized that Citi Finance claimed an interest in the subject property that was inferior to the lien of the United States. <u>Complaint</u>, p. 3; <u>Judgment of Foreclosure</u>, p. 6.  It is undisputed that the balance due and owing to Citi Finance under this second mortgage exceeds the amount of the surplus.

As a general rule, any surplus proceeds from a foreclosure sale can be taken by a creditor having a right to subject it to the payment of his debt. 59A C.J.S. Mortgages § 967.  The question in the instant case becomes whether Citi Financial's default extinguishes its right to recover under its junior lien.  The Court believes that it does not.  The instant case is factually similar to <u>Kankakee Federal Savings and Loan v. Mueller</u>, 481

N.E.2d 332 (Ill. App. 3d Dist. 1985), and <u>JP Morgan Chase Bank v. U.S. Bank National Association</u>, 929 So.2d 651 (Fla. App. 4th Dist. 2006), cases involving junior lienholders who defaulted as to the foreclosure of a first mortgage. In each of these cases, the court awarded the surplus from the foreclosure sale to the junior lienholder despite the default.

A foreclosure action is one in equity. <u>Mueller</u>, 481 N.E.2d at 334. There is no dispute as to the validity of Citi Finance's lien. In the Decree Confirming Sale, the Court clearly contemplated delayed determination of the distribution of the surplus proceeds. At the hearing, counsel for Citi Finance stated that Citi Finance defaulted for business reasons. The Court recognizes the logic behind this decision, given the fact that, in the majority of foreclosure actions, there is no surplus. Of course, the better practice for a party wishing to preserve a lien would be to appear in the foreclosure action. However, balancing the equities under the unusual circumstances of the instant case, the Court believes that the surplus funds should be distributed to Citi Finance. Because the Decree Confirming Sale does not constitute a final judgment, I recommend that paragraph 13 on page 7 of the Judgment of Foreclosure be modified to recognize Citi Finance's continuing junior lien interest arising out of the Trust Deed which is

attached as an exhibit to Citi Finance's Motion for Turnover Order and that Citi Finance's Motion for Turnover Order be allowed and the surplus proceeds be distributed to Citi Finance.

For all the above reasons, I recommend that Citi Finance Mortgage's Motion for Turnover Order of Surplus Funds (d/e 37) be ALLOWED, and the surplus of $2,739.68 be distributed to Citi Finance Mortgage.  The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).   Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:    February 4, 2008

                              s/ Byron G. Cudmore
                              _____
                                    BYRON G. CUDMORE
                              UNITED STATES MAGISTRATE JUDGE